**DONALD H. HELLER, SBN 55717**
**DONALD H. HELLER,**
**A Law Corporation**
**655 University Avenue, Suite 215**
**Sacramento, CA 95825**
**Tel: (916) 974-3500**
**Fax: (916) 927-2009**
**E-mail: dheller@donaldhellerlaw.com**

**ATTORNEYS FOR PLAINTIFF**
**CHRISTOPHER B. KIGHT**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISCTRICT OF CALIFORNIA

| | |
|---|---|
| **SCOTT N. JOHNSON,** | **CASE NO. 2:08-CV-01071 FCD-JFM** |
| Plaintiff, | **ORDER GRANTING AN EXTENSION OF TIME TO FILE A RESPONSIVE PLEADING AND/OR AN ANSWER TO THE COMPLAINT ON FILE IN THIS ACTION** |
| vs. | |
| **CHRISTOPHER B. KIGHT** | |
| Defendant. | |

I, Donald H. Heller, declare:

1. I am an attorney duly admitted to practice in the State of California and the United States District Court for the Eastern District of California. I have been retained by the defendant in this matter, Christopher B. Kight.

2. The instant action is a complaint for preliminary and permanent injunctive relief; declaratory relief; and monetary damages based on an alleged denial of civil rights and public facilities to physically disabled persons (Civil Code §§ 51, 52); and injunctive relief pursuant to Title III, Americans With Disabilities Act of 1990.

3.  Plaintiff Scott N. Johnson is an attorney and a principal in Disabled Access Prevents Injury, Inc. According to the complaint Mr. Johnson, a person with disabilities, to wit, quadriplegia, on a drive by, found the premises owned by the defendant him noncompliant with federal and state law respect to access for disabled people and filed this action. Mr. Johnson is no stranger to this court, in that a search on Pacer by the undersigned on July 17, 2008, revealed that Mr. Johnson has been a party in 593 actions filed in this District where in the course of driving around this community on a quest to find potential violations of the Americans With Disabilities Act has developed a thriving business as a professional litigant.

4.  The defendant was served with the Summons and Complaint on or about June 28, 2008, and an answer is due July 18, 2008.

5.  I was engaged as counsel on or about July 8, 2008.  I read and review the papers and engaged a consultant to evaluate the subject property.  On July 10, 2008, I telephoned Mr. Johnson's office, and left a message with his assistant that I was representing defendant and requested that Mr. Johnson call me to discuss the matter. Mr. Johnson did not return a phone call.  On July 14, 2008, I telephoned Mr. Johnson's office again and requested a return call.  I did not hear from Mr. Johnson.

6.  On July 16, 2008, I telephoned once again Mr. Johnson's office and spoke with an assistant.  I was told Mr. Johnson was unavailable and I indicated that I represented the defendant and wanted to discuss the case with Mr. Johnson and obtain a 30 day extension of time to respond to the complaint.  I was told by the assistant to send an e-mail to Mr. Johnson.  On July 16, 2008, I sent an e-mail to Mr. Johnson requesting a 30 day

continuance to conduct an investigation and respond to the complaint.  I also requested in the e-mail that Mr. Johnson call me to discuss the case.[E-mail to Mr. Johnson attached as Exhibit A.]  Mr. Johnson did not respond to my e-mail.

7.  Pursuant to Local Rule 6-144 (c) of the Local Rules of the Eastern District of California, I respectfully request a 30 day extension to file a responsive pleading, and/or answer the complaint in this matter for the following reasons.  Mr. Johnson refuses to respond to repeated attempts to discuss the case and enter into a stipulation to extend time. I am in the process of conducting an investigation into the allegations made in Mr. Johnson's complaint and that investigation has not been completed.  It would not be an act of prudence to simply file an answer without making a proper initial investigation into the allegations made in this case.

8.  I should indicate that in my 35 years of practice in the Eastern district of California, I have never made an ex parte application to obtain an extension of time to respond to a complaint filed.  I have been counsel in more than a hundred cases in this District representing both plaintiffs and defendants including the United States of America as an Assistant U.S. Attorney, and I have never ever failed to stipulate to an extension of time in cases in which a representative plaintiff and I have never had a plaintiff's counsel refused to grant an extension of time to respond to a complaint.

9.  For the reasons stated above, it is respectfully requested that a 30 day extension of time be granted to file a responsive pleading and/or answer the complaint.

I declare that foregoing to be true and correct under the penalty of perjury under the laws of the United States of America. Executed July 18, 2008, in Sacramento, California.

3

**ORDER FOR AN EXTENSION OF TIME TO RESPOND TO COMPLAINT**

        /S/ DONALD H. HELLER
DONALD H. HELLER

Attorney for Defendant
Christopher Kight

**ORDER**

Good cause appearing, it is hereby ordered that Defendant Christopher Kight's time to respond and/or answer the complaint on file is extended to thirty days from the date of this order.

Dated: July 18, 2008

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE